# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

## CASSIE R. MOSES v. ST. BARNABAS HOSPITAL.[1]

June 11, 1915.

Nos. 19,147—(93).

**Negligence of defendant hospital — evidence.**

In an action to recover for injuries sustained by plaintiff when a patient at defendant's hospital, caused by the alleged incompetence and negligence of hospital attendants, it is *held* that the evidence fails to sustain the allegations of incompetence or negligence and that the action was properly dismissed.

Action in the district court for Hennepin county to recover $12,800 for injuries caused by defendant's negligence. The case was tried before Hale, J., who when plaintiff rested granted defendant's motion to dismiss the action. Plaintiff's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Paul J. Thompson* and *M. A. Hessian,* for appellant.

*George S. Grimes* and *Gordon Grimes,* for respondent.

[1] Reported in 153 N. W. 128.
130 M.—1.

BROWN, C. J.

Plaintiff was a patient at the hospital owned and operated by defendant in the city of Minneapolis, and brought this action to recover damages for injuries sustained by her while such patient, caused by the alleged negligence, incompetence and carelessness of the nurses who were assigned to care for and attend plaintiff. The allegations of the complaint respecting the negligence of defendant were put in issue by the answer. The action was dismissed on the trial at the close of plaintiff's case, and she appealed from an order denying a new trial.

The only question demanding attention, and this does not require extended discussion, is whether any evidence was presented which would justify submitting to the jury the issue of the competency, qualifications or negligence of the nurses who were assigned to the care of plaintiff. Our examination brings to light no such evidence. The contention of plaintiff was that she contracted cystitis by the negligent use by the nurse of an unclean catheter. While the evidence shows that a catheter was employed in her treatment, by two of the nurses, there is no evidence whatever that it was unclean, or not in proper condition for use. No witness gave any testimony tending directly or indirectly to establish that fact. The opinion of the physician, called by plaintiff, that in his opinion plaintiff's trouble was occasioned by the use of a "dirty catheter" is not founded upon any evidence in the case, and was the naked conclusion of the witness. Cystitis does not necessarily follow from the use of a catheter; it may be contracted in other ways, and no inference can be indulged in the case at bar that its use was the cause of plaintiff's infection, or that it was unclean and not in proper condition for use.

This disposes of the case and it becomes unnecessary to consider the other question presented, namely, whether defendant is a charitable association and exempt from liability for the negligence of its servants.

Order affirmed.